IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v.    Case No. 6:16-cr-60030 | |
| ISSAC LEKEITH KING | DEFENDANT |

**<u>ORDER</u>**

Before the Court is Defendant's Motion to Amend Judgment. ECF No. 29. The Government has filed a response. ECF No. 30. The Court finds this matter ripe for consideration.

In the instant Motion, Defendant moves the Court to reduce his sentence "for the time from February 2017 up to the date an amended Judgment is entered" pursuant to USSG § 5G1.3(b)(1). ECF No. 29, ¶ 4. Defendant also requests that his federal sentence run concurrently, beginning on the date of the requested amended judgment, with his state parole revocation sentence pursuant to USSG § 5G1.3(b)(2). ECF No. 29, ¶ 5.

Upon consideration, the Court finds that USSG §§ 5G1.3(b)(1) & (2) are inapplicable under the current circumstances because the parole revocation term of imprisonment imposed did not result "from another offense that is relevant conduct to the instant offense of conviction" as contemplated by § 5G1.3(b). Although Defendant's parole may have been revoked in part because of the conduct forming the basis of his federal conviction, the Waiver of Revocation Hearing submitted by Defendant notes that Defendant's parole was also revoked for "Employment/Education," "Residence & Travel," "Laws," and "Supervision Fees" violations. ECF No. 29-1. Likewise, the parole revocation term of imprisonment imposed is in reality a part

of the sentence Defendant received in previous state proceedings concerning criminal conduct that pre-dates the instant offense of conviction.

Accordingly, the Court finds that Defendant's Motion to Amend Judgment (ECF No. 29) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 24th day of July, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge